IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERARD CHRISTOPHER TCHEUMANI, JR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 22-cv-2425-JTF-cgc |
| ) | |
| WHOLESCALE LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

The instant case is before the Court, by way of Administrative Order 2013-05[1]. On June 28, 2019, Plaintiff Gerard Christopher Tcheumani, Jr., a resident of Castaic, California, filed a pro se complaint, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The form submitted by Plaintiff is the pro se prisoner short form and the affidavit did not provide the court with sufficient financial information with which to determine if he is unable to pay the civil filing fee. Plaintiff was ordered to either submit a properly completed non-prisoner application to proceed *in forma pauperis* or pay the $402 civil filing fee within thirty (30) days of the January 28, 2019 filing date. (D.E. # 6) The Clerk of the Court mailed a copy of the order and the non-prisoner application to proceed *in forma pauperis* to Plaintiff. To date, Plaintiff has not responded with either the completed form or payment of the civil filing fee.

Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," the matter may be involuntarily

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

dismissed for failure to prosecute. Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Id*. Although the language of Rule 41(b) appears to require a motion by the defendant, the Supreme Court has recognized that the "district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962)).

Upon review, Plaintiff has failed to prosecute her case by failing to comply with a court order requiring him to either submit a properly completed non-prisoner application to proceed *in forma pauperis* or pay the $400 civil filing fee in a timely manner. Accordingly, pursuant to Rule 41(b), it is recommended that Plaintiff's Complaint be dismissed for failure to prosecute

Signed this 11th day of August, 2022.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**